1  BUCHALTER, NEMER, FIELDS & YOUNGER
   A Professional Corporation
2      Jay R. Ziegler (SBN: 54877)
       Richard P. Ormond (SBN: 207442)
3      Deborah E. Yim (SBN: 217400)
   601 South Figueroa Street, Suite 2400
4  Los Angeles, CA 90017-5704
   Telephone: (213) 891-0700 / Facsimile: (213) 896-0400
5  E-mail: jziegler@buchalter.com
   E-mail: rormond@buchalter.com
6  E-mail: dyim@buchalter.com

7  Attorneys for Plaintiff and Counter-Defendant
   JADA TOYS, INC.

FILED
CLERK, U.S. DISTRICT COURT
MAR 25 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority     ✓
Send         ✓
Enter
Closed       ✓
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| 12  JADA TOYS, INC.,<br><br>13       Plaintiff,<br><br>14  vs.<br><br>15  MATTEL, INC.,<br><br>16       Defendant.<br><br>17 _____<br><br>18  AND RELATED COUNTERCLAIMS | Case No. CV 04-2755 RGK (FMOx)<br><br>[PROPOSED] JUDGMENT<br><br>ENTERED<br>CLERK, U.S. DISTRICT COURT<br>MAR 28 2005<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY                    DEPUTY |

20      The Court, having granted in part and denied in part plaintiff and

21  counterclaim-defendant Jada Toys, Inc.'s ("Jada") Motion for Summary Judgment

22  or in the Alternative, Summary Adjudication of Claims and Issues ("Jada's Motion

23  for Summary Judgment"), and having granted in part and denied in part defendant

24  and counterclaimant Mattel, Inc.'s ("Mattel") Motion for Summary Adjudication re:

25  Liability on Affirmative Defense of Fair use and First to Sixth and Eighth

26  Counterclaims ("Mattel's Motion for Summary Adjudication"), enters judgment as

27  follows:

28  ///

DOCKETED ON CM
MAR 28 2005
BY

143

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 503317v1                              [PROPOSED] JUDGMENT

1    1.    On April 20, 2004, Jada filed its complaint in this action against

2    Mattel.

3    2.    Jada alleges in its complaint that Mattel has infringed Jada's alleged

4    trademark OLD SKOOL under the Lanham Act and the common law, has

5    committed acts of false designation of origin in violation of 15 U.S.C. § 1125(a),

6    and has committed acts of unfair competition under California statutory and the

7    common law.  Jada alleges that it uses the mark OLD SKOOL for miniature diecast

8    toy cars, trucks and vehicles, and has gained federal registration of the same.  In its

9    complaint, Jada is seeking damages and injunctive relief.

10    3.    On June 2, 2004, Mattel filed its answer and counterclaims.  In its

11    counterclaims, Mattel alleges that Jada has infringed its trademarks HOT WHEELS

12    and HOT WHEELS flame logos pursuant to the Landham Act and the common

13    law, has committed acts of false designation of origin under 15 U.S.C. § 1125(a),

14    has unfairly competed with Mattel under California statutory law and the common

15    law, has diluted the distinctive quality of Mattel's trademarks under the Lanham

16    Act, 15 U.S.C. § 1125(c) and under California law, and has committed acts of

17    injury to business reputation, passing off and misappropriation under California

18    statutory and the common law.  Mattel alleges that it uses and has federally

19    registered various forms of the marks HOT WHEELS and HOT WHEELS design

20    marks incorporating flame logos.  Mattel also alleges that Jada has infringed

21    Mattel's copyrights in its packaging for its HOT WHEELS toy cars, trucks, vehicles

22    and accessories therefore under 17 U.S.C. § 501.  By way of its counterclaims,

23    Mattel is seeking damages, injunctive relief and cancellation of Jada's federal

24    registrations of "old skool" and HOT RIGZ pursuant to 15 U.S.C. § 1064.

25    4.    On June 25, 2004, Jada filed its reply to Mattel's counterclaims in this

26    action.

27    5.    This Court has jurisdiction over the subject matter of this case pursuant

28    to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

1    6.    On March 15, 2005, the Court ruled on Jada's Motion for Summary

2    Judgment and Mattel's Motion for Summary Adjudication.

3    7.    Having considered Mattel's Motion for Summary Adjudication, the

4    Court finds that the term "old school" and its phonetic equivalent "old skool" is

5    descriptive.  Specifically the Court finds that Mattel's evidence shows that the term

6    "old school" and its phonetic equivalent "old skool" are commonly used in various

7    industries in reference to traditional or classic products, such as music styles that

8    closely adhere to its roots, older versions of toys, etc.  More specifically, the

9    automotive industry, from which the parties' products are based, commonly use

10    "old school" and "old skool" to describe older model, or classic cars.  This evidence

11    indicates that Jada's "old skool" designation is merely a descriptive term.

12    8.    In opposition, Jada argues that the U.S. Patent & Trademark Office has

13    issued at least 38 active registrations on the Principal Register for trademarks that

14    contain the terms OLD SCHOOL or OLD SKOOL; Jada's OLD SKOOL marks is

15    suggestive, and if merely descriptive, its OLD SKOOL mark has acquired

16    secondary meaning.  The Courts finds that Jada's contentions are not well-taken.

17    First, a descriptive mark without secondary meaning should not be registered

18    merely "because other such marks appear on the register".  As to Jada's second

19    contention, a suggestive term requires the consumer to exercise the imagination in

20    order to draw a conclusion as to the goods' nature.  Based on the common usage of

21    the terms "old school" and "old skool" to describe older model or classic cars, this

22    Court finds very little imagination, thought, and perception are required to conclude

23    that OLD SKOOL refers to Jada's classic model toy cars.  Finally, Jada first started

24    using the mark in commerce less than three years ago.  Even if Jada has had a high

25    volume of advertising and sales during this time, these factors alone are insufficient

26    to establish a secondary meaning.

27    9.    Based on the foregoing, the Court finds, as a matter of law, the term

28    "old school" is merely descriptive. Therefore, the OLD SKOOL registration is

1   invalid and canceled.  Moreover, in light of the cancellation of trademark, Jada has

2   failed to establish a prima facie showing for its claims of trademark infringement,

3   false designation and common law unfair competition.

4       10.    Having considered Jada's Motion for Summary Judgment, the Court

5   finds that there is no likelihood of confusion between HOT RIGZ and HOT

6   WHEELS.  Both parties have introduced evidence depicting the HOT RIGZ and

7   HOT WHEELS marks.  Both marks use a graded color scheme in conjunction with

8   a shooting flame design, and incorporate the word "hot."  The significant

9   similarities end there.  First, the words "rigz" and "wheels" sound entirely different.

10  Second, while both words refer to automotive vehicles, they do not have the same

11  meaning.  Finally, the marks are not similar in sight.  The words "Hot Wheels" are

12  placed side-by-side, and contained within a slightly S-curved shape, that appears to

13  be part of the flames.  In contrast, "Hot Rigz" is sandwiched between the cab of a

14  truck and the shooting flames.  Moreover, the words "Hot Rigz" are stacked on top

15  of each other, and depicted in a less whimsical font.  Based upon the foregoing, the

16  HOT RIGZ and HOT WHEELS marks are clearly dissimilar, and the Court need

17  not consider the other likelihood of confusion factors.

18      11.    Based on the above findings in Paragraph 10, Mattel's trademark

19  infringement, false designation, and unfair competition claims fail as a matter of

20  law.  Moreover. Mattel's remaining trademark claims, which require a finding that

21  the marks are identical or nearly identical, also fail as a matter of law.  The Court

22  need not reach the merits of Mattel's eighth claim for cancellation of the HOT

23  RIGZ mark for the reasons discussed in Paragraph 10 above.

24      12.    As for Mattel's copyright claim, the parties do not dispute the first

25  element of the claim, namely, that Jada had access to Mattel's HOT WHEELS logos

26  and designs.  Regarding the second element, as indicated above, the objective

27  details of the parties' logos are simply not similar.  Therefore, the extrinsic test

28  cannot be met.  Likewise, because the logos are dissimilar, an ordinary reasonable

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

1   person would not believe that they have the same overall expression and idea.

2   Therefore, Mattel's claim for copyright infringement fails.

3        13.    Judgment is entered in favor of Mattel and against Jada as to all of

4   Jada's claims, and on Mattel's counterclaim for cancellation of Jada's registration of

5   OLD SKOOL pursuant to 15 U.S.C. § 1064.

6        14.    Judgment is entered in favor of Jada and against Mattel as to Mattel's

7   counterclaims, with the exception of Mattel's counterclaim for cancellation of HOT

8   RIGZ, which the Court need not reach because Jada's use of the HOT RIGZ mark

9   does not constitute trademark infringement for the reasons discussed in Paragraphs

10  10 and 11, above.

11       15.    Each party hereto shall bear its own costs and expenses incurred in

12  connection with this action.

13       16.    Pursuant to the Court's determination of Mattel's Motion for Summary

14  Adjudication, the United States Patent and Trademark Office is hereby ordered to

15  cancel U.S. Trademark Registration No. 2,740,026 for OLD SKOOL for miniature

16  diecast toy cars, trucks and vehicles.

17       17.    Notwithstanding any other provision herein, this Court shall retain

18  jurisdiction to enforce this judgment.

19

20       SO ORDERED.

21

22  Dated: March 25, 2005

23                          The Honorable R. Gary Klausner
                            United States District judge

24

25

26

27

28

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 503317v1

5

[PROPOSED] JUDGMENT

1    Respectfully submitted,

2

3    BUCHALTER, NEMER, FIELDS & YOUNGER
     Jay R. Ziegler
4    Richard P. Ormond
     Deborah E. Yim
5

6

7
     By:  _____
8         Jay R. Ziegler
          Attorneys for Plaintiff and
9         Counterclaim-defendant JADA TOYS,
          INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jada Toys, Inc. v. Mattel, Inc.*
U.S. District Court – Case No. CV 04-2755 RGK

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at Buchalter, Nemer, Fields & Younger, A Professional Corporation, 601 South Figueroa Street, Suite 2400, Los Angeles, California  90017-5704.

On the date set forth below, I served the foregoing document described as:

## [PROPOSED] JUDGMENT

on all other parties and/or their attorney(s) of record to this action by _____  faxing and/or

__X__  placing a true copy thereof in a sealed envelope as follows:

*Attorneys for Defendant Mattel, Inc.*
Jill M. Pietrini, Esq.
Shari Mulrooney Wollman, Esq.
Jessica J. Slusser, Esq.
Craig Rutenberg, Esq.
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, California  90064

☒   **BY PERSONAL DELIVERY**   On **March 24, 2005**, I placed the above-referenced envelope or package in a box or location regularly maintained at my office for our messenger/courier service or I delivered the envelope or package to a courier or driver authorized by our messenger/courier service to receive documents.  The package was placed in a sealed envelope or package designated by our messenger/courier service with delivery fees paid or provided for, addressed to the person(s) on whom it is to be personally served at the address(es) shown above as last given by that person on any document filed in the cause.  The messenger/courier service was provided with instructions that the envelope or package be personally served on the addressee(s) by same day delivery (C.C.P. §1011).

☒   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on **March 24, 2005**, at Los Angeles, California.

**CAROLE SHANNON GORDON**

_____
(Signature)

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**