MANATT, PHELPS & PHILLIPS, LLP
Jill M. Pietrini (CA Bar No. 138335)
   jpietrini@manatt.com
Jessica J. Slusser (CA Bar No. 217307)
   jslusser@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000, Facsimile: (310) 312-4224

Attorneys for Defendant and
Counterclaimant MATTEL, INC.

Case Closed

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JADA TOYS, INC., a California corporation,<br><br>　　　　Plaintiff and counterdefendant,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant and counterclaimant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV 04-2755 RGK (FMOx)<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION** |

　　　　IT IS HEREBY STIPULATED by and between plaintiff and counterclaim-defendant Jada Toys, Inc. ("Jada") and Jada and counterclaimant Mattel, Inc. ("Mattel") that judgment shall be entered as follows:

　　　　A.　　On April 20, 2004, Jada filed its complaint in this action against Mattel ("the Complaint"). On June 2, 2004, Mattel filed its answer and counterclaim against Jada ("the Counterclaim").

　　　　B.　　Jada alleged claims against Mattel in its Complaint for trademark infringement, false designation of origin, and unfair competition relating to the use

of "old school" and "new school". Mattel alleged in the Counterclaim that Jada has infringed Mattel's trademarks in its HOT WHEELS trademarks and HOT WHEELS flame logo trademarks under the Lanham Act and the common law, committed acts of false designation of origin and have violated 15 U.S.C. § 1125(a), committed acts of unfair competition under California statutory law and the common law, has passed off Mattel's marks, and diluted the distinctive quality of Mattel's trademarks under the Lanham Act and under California law. Mattel also alleged that Jada has infringed the copyrights in its HOT WHEELS flame logos. Finally, Mattel sought cancellation of the registrations of HOT RIGZ and OLD SKOOL, owned by Jada. In the Counterclaim, Mattel sought damages and injunctive relief.

C. Mattel uses the trademarks HOT WHEELS, HOT RODS, and HOT WHEELS flame logo trademarks (collectively, "the HOT WHEELS Marks") for a broad range of goods and services including toys, clothing, and other merchandise and owns a number of trademark registrations and applications to register these marks. The HOT WHEELS Marks are collectively shown in **Exhibit A** hereto and Mattel's marks containing HOT are collectively shown in **Exhibit B** hereto and incorporated herein by reference.

D. Jada made, advertised, and/or sold diecast toy vehicles bearing the mark HOT RIGZ, and owns U.S. Registration No. . 2,637,124 of HOT RIGZ.

E. On March 15, 2005, the Court ruled on the parties' cross-motions for summary adjudication. The Court granted Mattel's motion for summary adjudication on Jada's claims in the Complaint, and dismissed Jada's Complaint. The Court granted Jada's motion for summary adjudication on Mattel's claims in the Counterclaim, and dismissed the Counterclaim. Mattel timely appealed the Court's order granting summary adjudication on the Counterclaim; Jada did not appeal the Court's order and the Complaint stands dismissed. On August 2, 2007, and through an amended opinion on February 21, 2008, the Ninth Circuit Court of

1  Appeals reversed the Court's decision granting summary adjudication on the
2  Counterclaim and remanded the case to this Court for resolution of the
3  Counterclaim.

4      F.    This Court has jurisdiction over the subject matter of this case pursuant
5  to 28 U.S.C. §§ 1331, 1332(a), and 1338, and 15 U.S.C. § 1121.

6      G.    The Court enters the judgment as follows:

7          1.    <u>Assignment of HOT RIGZ Trademark and Registration</u>.  Jada
8  shall assign all of its right, title, and interest in and to the trademark
9  and registration of HOT RIGZ (Registration No. 2,637,124) in any
10  format, including any and all claims, demands, and causes of action for
11  infringement of the HOT RIGZ trademark, past, present or future, and
12  all of the proceeds from the foregoing, to Mattel.

13          2.    <u>Sell Off of HOT RIGZ Products</u>.  Jada shall be allowed a sell-
14  off period to sell off its existing HOT RIGZ products until August 1,
15  2008.  During the sell-off period, Jada shall not make, cause to be
16  made, or create any new HOT RIGZ products.

17          3.    <u>Injunction Not to Use the HOT RIGZ Trademark, the HOT</u>
18  <u>WHEELS Marks, or Any Other Marks Containing HOT, or Flame</u>
19  <u>Logos and/or Reproductions, Counterfeits, Copies, or Colorable</u>
20  <u>Imitations Thereof that are Likely to Cause Confusion, or to Cause</u>
21  <u>Mistake, or to Deceive</u>.  Except as provided in Paragraph 2, Jada, its
22  subsidiaries, parent companies, officers, agents, servants, directors,
23  employees, partners, assigns, successors, affiliated companies, and in-
24  house attorneys and all persons in active concert and participation with
25  it who receive actual notice of this Judgment by personal service or
26  otherwise, are hereby permanently restrained and enjoined from any of
27  the following:

28

a. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, licensing or selling any goods or services bearing or offered under the HOT RIGZ trademark, the HOT WHEELS Marks, any mark containing the word HOT or flame logos, or any other trademark, name, design or logo that is a reproduction, counterfeit, copy, or colorable imitation of, or incorporates such marks that are likely to cause confusion, or to cause mistake, or to deceive. Notwithstanding this Judgment: (1) purely decorative uses of flames not resembling Mattel's HOT WHEELS flame logos or trade dress, and merely descriptive uses of the term "hot" used by Jada in its packaging, advertising or otherwise, e.g., "these cars are hot", are not prohibited by this Judgment; and (2) Jada's existing use of the name and mark ROAD RIGZ for one of Jada's product lines does not violate this Judgment and this or any of its other terms.

b. Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, licensing or selling any goods or services bearing or offered under the HOT RIGZ trademark, the HOT WHEELS Marks, any mark containing the word HOT or flame logos, or any other trademark, name, design or logo that is likely to cause confusion, or to cause mistake, or to deceive persons into the erroneous belief that any goods that Jada caused to enter the stream of commerce are sponsored or endorsed by Mattel, are authorized by Mattel, or are connected in some way with Mattel and/or the HOT WHEELS Marks. Notwithstanding this Judgment: (1) purely decorative uses of flames not resembling

Mattel's HOT WHEELS flame logos or trade dress, and merely descriptive uses of the term "hot" used by Jada in its packaging, advertising or otherwise, e.g., "these cars are hot", are not prohibited by this Judgment; and (2) Jada's existing use of the name and mark ROAD RIGZ for one of Jada's product lines does not violate this Judgment and this or any of its other terms.

c.  Seeking to register:

(1) the HOT RIGZ trademark, or any reproduction, counterfeit, copy, or colorable imitation of the HOT RIGZ trademark that is likely to cause confusion, or to cause mistake, or to deceive;

(2) the HOT WHEELS Marks in any format, or any reproduction, counterfeit, copy, or colorable imitation of the HOT RIGZ trademark that is likely to cause confusion, or to cause mistake, or to deceive; and/or

(3) any trademark, name, logo, or design containing the word HOT or flame logos.

d.  Passing off, or inducing or enabling others to sell or pass off, any products or services as genuine, licensed, or authorized Mattel products, if they are not genuine, licensed or authorized.

e.  Falsely implying Mattel's endorsement of Jada's goods or services or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Mattel and from otherwise interfering with, or injuring Mattel's trademarks or the goodwill associated therewith.

f.  Engaging in any act that dilutes the distinctive quality of the HOT WHEELS Marks, the HOT RIGZ trademark, or any

other trademark, name, design, or logo confusingly or substantially similar thereto containing the word HOT and/or that injures Mattel's business reputation.

  g. Representing or implying that Jada's or their products or services are in any way sponsored by, affiliated with, or endorsed or licensed by Mattel.

  h. Manufacturing, transporting, distributing, promoting, importing, selling, offering for sale, advertising, or publicizing any products or packaging therefor or any services bearing or offered under trademarks that include the term HOT or flame designs or logos, or any designs, packaging, or other works that are substantially similar to the copyrighted designs for, or substantially similar to, Mattel's HOT WHEELS flame logos. Purely decorative uses of flames not resembling Mattel's flame logos or trade dress, and merely descriptive uses of the term HOT by Jada, e.g., "these cars are hot", shall not be a violation of this Judgment.

  i. Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (h) above.

4. <u>Cancellation Counterclaims</u>.  Mattel's counterclaim for cancellation of U.S. Registration No. 2,637,124 of HOT RIGZ is dismissed as moot.  Mattel's counterclaim for cancellation of U.S. Registration No. 2,740,026 of "old skool" was sustained as a result of the Court's order granting Mattel's summary adjudication of the Complaint, and U.S. Registration NO. 2,740,026 was canceled on January 23, 2006 under 15 U.S.C. §1119.

5. <u>Costs and Expenses</u>.  Each party hereto shall bear its own costs and expenses incurred in connection with this action and in the negotiation, drafting, and execution of this Judgment and the settlement agreement, and neither shall assert any claim in law or equity against the other on account of the controversy settled by this Judgment, except as otherwise provided herein or in the settlement agreement entered between the parties.

6. <u>Violation of Judgment</u>.  In the event that any part of this Judgment is violated by Jada, its officers, agents, servants, employees, partners, representatives, and all persons in active concert and participation with Jada that receive actual notice of this Judgment, Mattel may, with proper notice, file a motion for contempt seeking damages, attorneys' fees, and/or all other appropriate relief.  The prevailing party on such a motion shall be entitled to recover all of its attorneys' fees, expert witness fees, and costs, incurred in connection with such motion.

7. <u>Binding Effect</u>.  This Judgment shall be binding upon and inure to the benefit of the parties hereto and all successors and assigns, parent companies, officers, directors, shareholders, agents, affiliates, and all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and on all persons that receive actual notice of it by personal service or otherwise.

8. <u>Continuing Jurisdiction</u>.  Notwithstanding any other provision herein, this Court shall retain jurisdiction to enforce this Judgment and the settlement agreement entered into by the parties.

9. <u>Extraterritorial Effect</u>.  This Judgment shall be enforceable against Jada for any acts that violate this Judgment that occur inside and outside of the U.S.

IT IS SO ORDERED.

Dated:  August 13, 2008

_____
UNITED STATES DISTRICT JUDGE

1 | *Approved as to form and content*:

3 | MATTEL, INC.

4 | By  /s/ Donald B. Aiken                    Date:    7/31/08
        Donald B. Aiken
5 |     Vice President and
        Assistant General Counsel

6 | JADA TOYS, INC.

7 | By  /s/ May Li                             Date:    7/31/08
        May Li
8 |     President

10 | MANATT, PHELPS & PHILLIPS, LLP

11 | By  /s/ Jill M. Pietrini                  Date:    7/31/08
         Jill M. Pietrini
12 |    Attorneys for Defendant and
        Counterclaimant Mattel, Inc.

14 | SQUIRE SANDERS & DEMPSEY, LLP

15 | By  /s/ Adam R. Fox                       Date:    7/31/08
         Adam R. Fox
16 |    Attorneys for Plaintiff and
17 |    Counterdefendant Jada Toys, Inc.

41295489.3